# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARCUS J. FRANCIS,

                    Petitioner,    :     Case No. 2:25-cv-01191

   - vs -                             Chief Judge Sarah D. Morrison
                                        Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                      :
          Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Marcus Francis to obtain relief from his conviction in the Fayette County Court of Common Pleas and subsequent imprisonment (Petition, ECF No. 1, PageID 2). The case is ripe for decision on the Petition, the State Court Record (ECF No. 6), and the Return of Writ (ECF No. 8). Although Magistrate Judge Bowman, to whom this case was originally referred, set a reply date (ECF No. 3) and extended it at Petitioner's request (ECF No. 9), that deadline has now passed and Petitioner has not filed a reply.

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

1

**Litigation History**

On April 7, 2023, the Fayette County Grand Jury returned an indictment charging Francis with one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § §2923.32(A)(1), (count 1); one count of aggravated trafficking in drugs in violation of Ohio Revised Code §  §2923.03(A)(1)/2925.03(C)(1)(d), (count 2); and two counts of aggravated trafficking in drugs in violation of Ohio Revised Code § §2923.03(A)(1)/2925.03(C)(1)(f), both with a major drug offender specification (counts 3 and 4)(Indictment, State Court Record, ECF 6, Exhibit 1).

On March 14, 2024, Francis withdrew his former pleas of not guilty and pleaded no contest to all charges in the Indictment. *Id.* at Ex. 14.  He was then sentenced to imprisonment for thirty to thirty-five years. *Id.* at Ex. 15.  Francis then appealed to the Ohio Twelfth District Court of Appeals, raising as his single assignment of error that he had been denied his Ohio constitutional right to hybrid representation in the trial court. *Id.* at Ex. 17, PageID 82.  The Court of Appeals affirmed.  *State v. Francis*, 2024-Ohio-5547 (Ohio App. 12th Dist. Nov. 25, 2024). The Ohio Supreme Court granted leave to file a delayed appeal, but then declined to exercise jurisdiction. *State v. Francis*, 179 Ohio St.3d 1492 (2025).

On February 18, 2025, Francis filed an application to reopen his direct appeal, alleging seven assignments of error had been omitted on direct appeal as the result of ineffective assistance of appellate counsel (Application, State Court Record, ECF No. 6, ECF No. Ex. 26).  The Twelfth District denied the Application on the merits. *Id.* at Ex. 28.  The Ohio Supreme Court declined to exercise appellate jurisdiction. *Id.* at Ex. 31.

Francis timely filed the instant Petition on October 10, 2025.  He pleads the following

2

Grounds for Relief:

**Ground One**: Appellant was denied the effective assistance of appellate counsel where counsel knowingly raised a claim on direct appeal, (the right to hybrid representation), that is clearly frivolous and lacked substantial merit based on state and federal law, thereby acting contrary to standards of reasonable representation.

**Supporting Facts:** Appellate counsel raised a right to hybrid representation claim. Sixth Circuit case law is clear that a criminal defendant does not have a constitutional right to "hybrid representation." *United States v. Mosley*, 810 F.2d 93, 98 (6th Cir. 1987). A defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both. *Id*. at 97 (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed2d 562 (1975)).

**Ground Two**: Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal the trial court erred by accepting appellant's no contest plea which was not made knowingly, intelligently or voluntarily because the court did not inform him of the effect of his no contest plea as set out in Crim.R. 11(B)(2). [sic]

**Supporting Facts:** The appellant asserts that his plea was not entered knowingly, intelligently, or voluntarily because the court did not inform him of the effect of his no contest plea as set out in Crim.R. 11(B)(2). Appellant contends that he was unaware that a no contest plea is a complete admission of the truth of the facts alleged in the complaint.

**Ground Three**: Appellant was denied effective assistance of appellate counsel where counsel failed to raise on direct appeal the trial court committed reversible error in violation of appellant's constitutional right by accepting appellant's plea without properly explaining compulsory process.

**Supporting Facts:** The Appellant asserts that his no contest plea was not knowing, intelligently, or voluntarily given where the trial court committed reversible error in violation of Appellant's constitutional right by accepting the plea without properly explaining compulsory process.

**Ground Four**: Appellant was denied the effective assistance of appellate counsel where counsel failed to raise on direct appeal the trial court erred and deprived appellant of due process of law, where

3

it failed to offer recusal or obtain a sufficient and valid waiver for a clear conflict of interest.

**Supporting Facts:** The Appellant asserts that the trial judge should have offered to recuse himself from the case because of the appearance of bias or prejudice. Appellant argues that the trial judge admitted that he was the prosecutor in several of Appellant's previous criminal cases, giving the judge intimate prior knowledge of Appellant's history. Appellant contends that the 30 to 35 1/2 prison sentence imposed by the judge showed actual bias.

**Ground Five**: Appellant was denied effective assistance of appellate counsel where counsel failed to raise on direct appeal the appellant's sentence is contrary to law where the trial court failed to provide proper notices under R.C. 2929.19(B)(2)(c) at appellant's sentencing hearing.

**Supporting Facts:** The Appellant's sentence is contrary to law because the trial court failed to provide notice at the sentencing hearing of all R.C. 2929.19(B)(2)(c) notification at the sentencing hearing. The courts have held that "if a trial court fails to provide notice of all R.C. 2929.19(B)(2)(c) notifications at a sentencing hearing, this sentence is contrary to law." *State v. Bentley,* 4th Dist. Adams No. 21CA1147, 2022-Ohio-1914, ¶10. See also *State v. Jackson,* 2022-Ohio-3449, ¶20 (trial court must advise defendant of all five notifications outlined in R.C. 2929.19(B)(2)(c)), *State v. Whitehead,* 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43-36; *State v. Gatewood*, 2d Dist. Clark No. 2021-CA-20, 2022-Ohio-2513, ¶ 1; *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶24. These notifications also include the pertinent features of the Reagan Tokes Law. Because the Reagan Tokes Law, when applicable, allows the Ohio Department of Rehabilitation and Correction to extend a defendant's sentence beyond the minimum term upon satisfaction of statutory criteria, trial courts must abide by R.C. 2929.19(B)(2)(c) and notify the defendant of the five notifications as it relates to their indefinite prison term. *State v. Greene,* 1st Dist. Hamilton No. C-220160, 2022-Ohio-4536, ¶11.

**Ground Six**: Appellant's was denied his Sixth Amendment right to the effective assistance of trial counsel, resulting in a plea that was not knowing, intelligent, and voluntary, where counsel advised him to plead no contest in order to preserve his appeal of the component of the engaging in a pattern of corrupt activity; aggravated trafficking in drugs with major drug offender specifications. [sic]

4

**Supporting Facts:** The Appellant asserts that his plea was not knowingly, intelligently, or voluntarily given where his trial counsel was ineffective in advising him to plead no contest in order to preserve his appeal of the component of the engaging in a pattern of corrupt activity and the aggravated trafficking in drugs with major drug offender specifications.

**Ground Seven**: The appellant asserts that his plea was not knowingly, intelligently, or voluntarily given where trial counsel failed to share discovery with him, failed to file a witness list or subpoena witnesses, failed to investigate possible defenses.

**Supporting Facts:** The appellant asserts that his plea was not knowingly, intelligently, or voluntarily given where trial counsel failed to share discovery with him, failed to file a witness list or subpoena witnesses, failed to investigate possible defenses.

**Ground Eight**: The relevant state-court App.R. 26(B) decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law,' and (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Supporting Facts:** Petitioner asserts that the Court of Appeals denied review of his ineffective assistance of appellate counsel claims based on the grounds that Petitioner failed to support his arguments with portions of the record. However, not only did the court of appeal have access to the transcripts on direct appeal review, but, Petitioner also moved the court for an order directing the clerk of provide the record pursuant to App.R. 9, as required on appeal. Finally, as part of the ineffective assistance of appellate counsel claim, appellant counsel was ineffective for failing to provide Petitioner those copies of his transcript.

(Petition, ECF 1, PageID 7-10, 12-13, 15-18).

# Analysis

**Ground One: Ineffective Assistance of Appellate Counsel:  Raising Frivolous Claim**

In his First Ground for Relief**,** Petitioner claims he received ineffective assistance of

appellate counsel when his appellate attorney raised a frivolous claim, to wit, that he was constitutionally entitled to hybrid representation.

On direct appeal his appointed attorney, Steven Eckstein, raised only one assignment of error

> **Assignment Of Error One** - Defendant-appellant was denied his constitutionally guaranteed right to effective hybrid representation under Ohio Constitution, Article I, Section 10.

(Appellant Brief, State Court Record, ECF No. 6, Ex. 17, PageID 82).

The Petition does not explain why this assignment of error is frivolous. The trial court had denied a number of pretrial motions filed by Francis *pro se* when he had counsel on the basis that he was not permitted to proceed with hybrid representation, so it was indeed an issue presented by the appellate record. In Appellant's Brief, Attorney Eckstein quoted the Ohio Constitution as providing for hybrid representation and supported that proposition with a number of citations to Ohio case law (State Court Record, ECF No. 6, Ex. 17, PageID 82). In affirming the conviction, the Twelfth District did not find the assignment of error frivolous. Instead, it noted that the Ohio Supreme Court had found hybrid representation was not guaranteed by the Ohio constitutional provision cited and, in any event, Francis had not asked the trial court to recognize hybrid representation in this case (Opinion, State Court Record, ECF No. 6, Ex. 20). The fact that an argument failed to persuade the Twelfth District does not make the argument frivolous.

Finally, Francis has procedurally defaulted this claim by not raising it in his Ohio App. R. 26(B) application for reopening. Proceedings under that rule are the opportunity Ohio law provides for an appellant to litigate a claim of ineffective assistance of appellate counsel. Proceedings under that Rule are an adequate and independent state remedy for an asserted deprivation of the right to effective appellate counsel.

**Ground Two: Ineffective Assistance of Appellate Counsel: Failure to Raise Trial Court Error of Failing to Inform Francis of the Effect of a No Contest Plea**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney failed to raise as an assignment of error that the trial court had failed to advise him of the effect of his no contest plea. Respondent asserts this Ground for Relief is procedurally defaulted because the Twelfth District, in denying Petitioner's 26(B) Application, found that Petitioner had not provided the trial transcript which would have resolved whether or not this omission occurred.

Respondent begins her Return by asserting that Grounds Two, Three, Five, Six, Seven, and the portion of his Eighth ground asserting appellate counsel ineffectiveness for failing to provide trial transcripts are procedurally defaulted due to Francis's failures to fairly present them to the Ohio courts.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

7

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

There is a relevant state court rule that assignments of error before a court of appeals which depend on the trial record must be supported by filing the relevant portions of the trial record.  The Twelfth District enforced this rule against Francis by declining to rule on the merits of this particular assignment of error (Opinion and Entry, State Court Record, ECF No. 26, Ex. 28, PageID 170).  A rule requiring an appellant to support his appeal by filing relevant portions of the trial court record is fairly obviously adequate and it in no way depends on whether the issue is one of state or federal law.  Francis has filed no reply to attempt to show cause and prejudice.

Ground Two is therefore procedurally defaulted and should be dismissed on that basis.

**Ground Three:  Ineffective Assistance of Appellate Counsel:  Failure to Raise Trial Court Error of Failing to Inform Francis about Compulsory Process.**

In Ground Three, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that the trial court failed to explain his right as a criminal defendant to compulsory process.

The same analysis applied above to Ground Two applies here:  in denying Petitioner's Rule

8

26(B) Application, the Twelfth District found Petitioner did not support this claim with relevant portions of the trial transcript.  Because, as found above, that is an adequate and independent state ground of decision, Ground Three is procedurally defaulted and should be dismissed on that basis.

**Ground Four:  Ineffective Assistance of Appellate Counsel:  Failure to Raise Trial Court Error of Failing to Recuse.**

In his Fourth Ground for Relief, Francis claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that the trial judge should have recused himself because he had served as the prosecutor in several of Petitioner's prior criminal convictions and thus had more knowledge of Petitioner's character than he otherwise would have had and the sentence shows actual bias.

Respondent notes that the procedure for disqualifying an Ohio judge requires that an affidavit with the relevant facts be filed with the Ohio Supreme Court for consideration by the Chief Justice.  Petitioner never filed such an affidavit.  He filed a *pro se* motion for disqualification on which the trial court held a hearing, despite the hybrid representation issue.  During that hearing the trial judge explained the proper procedure for disqualification, but also stated he had no actual bias.  He then asked Francis if he was satisfied and Francis said yes (Transcript, ECF No. 7-1, PageID 237).  He thereafter pleaded no contest, thereby waiving pre-plea constitutional error if any.  *Tollett v. Henderson*, 411 U.S. 258 (1973).

Finally, the Twelfth District held there is no per se disqualification of a judge for having served previously as a prosecutor unless it is in the case then before a court.  *State v. Francis*, Entry Denying 26(B) Application, (State Court Record, ECF No. 6, Ex. 28 at PageID 170, citing *In re Disqualification of Batchelor*, 2020-Ohio-4052, 117).

Petitioner's Fourth Ground for Relief is both procedurally defaulted and without merit.  It

9

should be dismissed with prejudice.

**Ground Five:  Ineffective Assistance of Appellate Counsel:  Failure To Raise Lack of Notices Required By Ohio Revised Code § 2929.19(B)(2)(c).**

In his Fifth Ground for Relief, Petitioner asserts he was denied effective assistance of appellate counsel when his attorney did not raise as an assignment of error that the trial court failed to give Francis the notices required by Ohio Revised Code § 2929.19(B)(2)(c).

This Ground for Relief should be dismissed on the same basis as Ground Two.

**Ground Six:  Ineffective Assistance Of Trial Counsel**

In his Sixth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney advised him to plead no contest.  He does not assert a reason or reasons why this was bad advice.  More importantly, this claim depends on evidence that is not of record; counsels' advice would have been given privately and not on the record.  Ohio provides a remedy for trial counsel's ineffectiveness based on behavior that is not of record, to wit, a petition for post-conviction relief under Ohio Revised Code § 2953.21.  However, Petitioner never filed such a petition and the time within which he could have done so has long since expired.

Ground Six is therefore procedurally defaulted and should be dismissed on that basis.

**Ground Seven:  Invalid Plea:  Trial Counsel Failure to Prepare**

In his Seventh Ground for Relief, Petitioner claims his plea was not valid because his trial

10

attorney did not share discovery, file a witness list, subpoena witnesses, or properly investigate defenses. Because this claim depends on evidence not of record, it should have been raised by petition for post-conviction relief under Ohio Revised Code § 2953.21. But as noted above, no such petition was ever filed. Ground Seven should be dismissed on the same basis as Ground Six.

**Ground Eight: Erroneous Decision by the Court of Appeals**

In his Eighth Ground for Relief, Petitioner asserts that the Twelfth District's decision denying his 26(B) Application is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent and also based on an unreasonable determination of the facts in light of the evidence.

In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress required federal habeas courts to defer to decisions of state courts on the merits of constitutional claims unless they were contrary to or objectively unreasonable applications of clearly established Supreme Court precedent or based on an unreasonable determination of the facts.

The Twelfth District decided all of Francis's ineffective assistance of appellate counsel claims, but did not reach the merits of most of them because Francis had not provided them with the transcript necessary to do so. In his Eighth Ground for Relief, Petitioner complains that that decision was unreasonable because they had access to the transcripts because they had been filed on direct appeal or could have ordered the Clerk of Courts to prepare a new record.

Defendant does not claim that he could not have produced the required record. As a matter of federalism, States are entitled to manage their own court systems. A petitioner such as Francis

11

has no federal right to compel a state appellate court to keep records in appeals that have been decided or to order a clerk of courts to produce a new record when an appellant has failed to file one. The requirement that an appellant furnish the necessary record for an appeal is a common one. As a matter for federal constitutional law, the State must furnish a transcript that is required on direct appeal to an indigent criminal appellant. *Griffin v. Illinois*, 351 U.S. 12 (1956). But that right does not extend to collateral proceedings such as those under App. R. 26(B).

By and large the Twelfth District did not decide Petitioner's ineffective assistance of appellate counsel claims on the merits, but on the procedural basis that he failed to furnish the required transcript. Petitioner did not raise Grounds Six and Seven in the Twelfth District and that court's 26(B) decision does not address those claims. Ground Four was decided on the merits as an underlying claim to the assertion of ineffective assistance of appellate counsel made, but the decision is neither contrary to nor an objectively unreasonable application of Supreme Court precedent. As noted above, there is no per se disqualification of a judge from sitting in a case where the defendant is someone he has prosecuted before becoming a judge. Ground Eight should therefore be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be

permitted to proceed *in forma pauperis*.

April 7, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #