UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS J. FRANCIS,

               Petitioner,       :         Case No. 2:25-cv-01191

   v.                                  Chief Judge Sarah D. Morrison
                                     Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
BELMONT CORRECTION
INSTITUTION,

                              :
           Respondent.

## OPINION AND ORDER

Petitioner Marcus Francis was convicted on his no contest plea to four felony counts involving drug trafficking and sentenced to imprisonment for thirty to thirty-five years. After exhausting available state court remedies, he brought this habeas corpus case *pro se* under 28 U.S.C. § 2254. The matter is before the Court on Petitioner's Objections (Objs., ECF No. 14) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (R&R, ECF No. 11). As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

I.   ANALYSIS

**Objection One: Ineffective assistance of appellate counsel**

In his First Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney raised a purportedly frivolous claim: Petitioner was entitled to hybrid representation under the Ohio

1

Constitution.

The Magistrate Judge recommended denying this claim on the merits because the issue was presented by the trial court record and the Twelfth District Court of Appeals did not find the argument frivolous, although it ruled there was no such Ohio constitutional right. The Magistrate Judge noted that the fact one does not win an argument in the Court of Appeals does not make the argument frivolous.

Petitioner cites *State v. Jones*, 181 Ohio St.3d 1462 (2026) in support of his objection. To begin, the Magistrate Judge could not have considered *Jones* since it was filed after the Report and Recommendations. At any rate, the Court has considered *Jones* and finds it does not help Petitioner. In *Jones*, the Ohio Supreme Court denied Michael Jones's motion to act as co-counsel. Justice Fischer concurred in judgment because binding precedent says there is no Ohio constitutional right to hybrid representation. But Justice Fischer believes the Ohio Supreme Court should re-consider the issue in an appropriate case because explicit language in the Ohio Constitution supports a right to hybrid representation. So Justice Fischer's concurrence supports the Twelfth District's and Magistrate Judge's findings: this was not a frivolous issue. Thus, it was not ineffective assistance of appellate counsel to raise it.

Because Ground One fails on the merits, the Court will not address whether Ground One is procedurally defaulted.

As stated in the R&R, Ground One should be dismissed on the merits. Petitioner's first objection is **OVERRULED**.

2

**Objection Two: Ineffective assistance of appellate counsel: failure to raise trial court error of failing to inform Mr. Francis of the effect of a no contest plea**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney failed to raise as an assignment of error that the trial court failed to advise Petitioner of the effect of his no contest plea. Respondent asserts this Ground for Relief is procedurally defaulted because the Twelfth District, in denying Petitioner's 26(B) Application, found that Petitioner had not provided the trial transcript that would have resolved whether this omission occurred.

Applying the four-step analysis mandated by *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Magistrate Judge concluded Ground Two was procedurally defaulted and recommended its dismissal on that basis.

Petitioner objects that trial transcripts are not necessary for a 26(B) Application. (Objs., PAGEID # 325–26 (citing *Houston v. Harris*, No. 1:17-cv-218, 2020 WL 38618 (S.D. Ohio Jan. 3, 2020) (Barrett, J.) (adopting Report and Recommendations of Merz, M.J.)).) In *Houston*, Magistrate Judge Merz found the trial transcripts were not necessary because they were not dispositive of the issues presented in the 26(B) application. But *Houston* is unlike here, where the Twelfth District held it needed the transcripts to decide the 26(B) Application because:

> Appellant's arguments regarding the effect of his no contest plea, explanation of compulsory process, and Reagan Tokes notifications do not raise a genuine issue of ineffective assistance of appellate counsel because appellant failed to support his broad arguments with portions of the record. *State v. McNeil,* 83 Ohio St.3d 457, 459 (1998); *State v. Frazier,* 2020-Ohio-993, ¶ 11 (7th Dist.); *State v. Brooks,* 2025- Ohio-

3

1468, 118 (4th Dist.); *State v. Walker,* 2000 Ohio App. LEXIS 2906, at *26 (8th Dist. June 20, 2000).

(State Court Record, Ex. 28, ECF No. 6, PAGEID # 170.) The distinction is important. In finding a procedural default, a federal court is essentially reinforcing state law. *Maupin* instructs when it is appropriate to do so. The Magistrate Judge in this case appropriately deferred to the state court decision that the transcripts were necessary to decide the relevant assignments of error.

Petitioner's second objection is **OVERRULED.**

**Objection Three: Petitioner claims excusing cause and prejudice or a manifest miscarriage of justice excuses procedural default of Grounds Two, Three, and Five**

Petitioner asserts he can show cause and prejudice to excuse his procedural defaults on Grounds for Relief Two, Three, and Five. Alternatively, he asserts failure to consider them on the merits will work a manifest miscarriage of justice.

As to cause and prejudice, Petitioner asserts the State's failure to provide a trial transcript was the cause of his procedural default and that the State was constitutionally obligated to furnish a transcript to an indigent defendant.

When a trial transcript is necessary for direct appeal, an indigent defendant must be furnished one at State expense as a matter of equal protection. *See* G*riffin v. Illinois,* 351 U.S. 12 (1956). But the Supreme Court has never held that an indigent defendant must be furnished with a *second* transcript for use in a collateral attack on the appellate judgment. Here, Petitioner was furnished a free transcript for his direct appeal, but the Twelfth District apparently refused to furnish a second one for the 26(B) proceeding. That court held Petitioner had not proved to them that

4

the transcript was unavailable to him. (State Court Record, Ex. 28, PAGEID # 170.) What efforts he may have made to obtain the transcripts from his direct appeal attorney are not part of the record. Petitioner has not shown cause or prejudice to excuse his procedural default of failure to provide the Twelfth District with transcripts.

Petitioner also claims his procedural default is excused because failure to consider these claims would result in a manifest injustice. But as he acknowledges, this exception to procedural default applies only to habeas petitioners who have shown actual innocence. *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Petitioner has presented no new evidence of actual innocence.

Petitioner's third objection is **OVERRULED**.

**Objection Four: The Magistrate Judge's finding of procedural default for claim of ineffective assistance of appellate counsel for failure to raise trial judge's failure to recuse himself**

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise as an assignment of error that the trial judge should have recused because he had served as the prosecutor in several of Petitioner's prior criminal convictions. Accordingly, Petitioner asserts the trial judge had more knowledge of Petitioner's character than he otherwise would have had, and the sentence shows actual bias.

The Magistrate Judge concluded that Petitioner waived this claim by pleading no contest and stating in open court he was satisfied with the trial judge's explanation of there being no actual bias. The Magistrate Judge also found Petitioner had procedurally defaulted this claim by not following Ohio's procedure

5

for disqualifying a trial judge (i.e., filing an affidavit of disqualification with the Ohio Chief Justice).

Petitioner objects, citing examples of United States Supreme Court cases addressing disqualifying biases. But there is no Supreme Court case that says a judge may not preside over a case involving someone the judge previously prosecuted. The closest analogous case is *Williams v. Pennsylvania*, 579 U.S. 1 (2016), where the Supreme Court held that Pennsylvania Supreme Court Justice Castille, who as district attorney had given approval to seek the death penalty against an inmate, violated due process by not recusing himself in a decision to reinstate a death sentence. The Supreme Court quotes substantially from Justice Castille's concurring opinion for the Pennsylvania Supreme Court to show his actual bias in favor of capital punishment. *Id.* at 7. But that is not the case here. Petitioner has not shown that the trial judge was involved with his case before indictment. And there is no clearly established Supreme Court precedent creating a presumption of disqualification to prevent a trial judge from presiding over a case involving a defendant he had previously prosecuted.

Aside from the merits of Ground Four, Francis has provided no rebuttal to the Magistrate Judge's findings that (1) he procedurally defaulted this claim by not following Ohio's procedure for trial judge disqualification, (2) he waived his bias claim by stating he was satisfied after the trial judge heard his motion for disqualification, and (3) he waived this claim by pleading no contest.

Accordingly, Petitioner's fourth objection is **OVERRULED.**

6

**Ground Five: Ineffective assistance of appellate counsel for failure to plead an assignment of error that Mr. Francis had not been given the notices required by Ohio Revised Code § 2929.19(B)(2)(c).**

In his Fifth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney failed to plead as an assignment of error that he had not been given the notices required by Ohio Revised Code § 2929.19(B)(2)(c). The Magistrate Judge recommended dismissing this claim on the same basis as Ground Two: procedural default for failure to supply the Court of Appeals with the transcript needed to adjudicate this claim. (R&R, PAGEID # 311.) Petitioner makes no objection directly aimed at Ground Five but merely lumps it into other objections.

Accordingly, Petitioner's objections to the R&R's treatment of Ground Five are **OVERRULED.**

**Objection Five: Petitioner objects to the Magistrate Judge's conclusion that Grounds Six and Seven, pleading ineffective assistance of trial counsel, are procedurally defaulted.**

In Grounds Six and Seven, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney told him to plead no contest and did not prepare for trial. The Magistrate Judge recommended dismissing Ground Six as procedurally defaulted because the advice allegedly given was not in the record and Mr. Francis failed to file a petition for post-conviction relief under Ohio Revised Code § 2953.21, which is the Ohio remedy for constitutional violations that require proof outside the trial court record. The Magistrate Judge concluded the same procedural default bars Ground Seven.

Petitioner argues "the Magistrate's findings and conclusions of law is [sic]

7

contrary to clearly established Federal law." (Objs., PAGEID # 334.) But Petitioner does not cite to the "clearly established Federal law" he says exists. At any rate, he attempts to show excusing cause and prejudice.

For cause, he argues his appellate counsel's purported failure to share details regarding the post-conviction relief procedure was ineffective assistance of appellate counsel. Petitioner relies on *Gunner v. Welch*, where the Sixth Circuit held that ineffective assistance of appellate counsel can constitute sufficient cause to excuse procedural default that would otherwise subject a petition for habeas corpus to dismissal. 749 F.3d 511, 520 (6th Cir. 2014). But the Court need not address the validity of Petitioner's argument because "absent a compelling reason, the party objecting to an R&R cannot raise in the district court a new argument or issue that was not presented to the Magistrate Judge." *Oberacker v. Noble*, No. 1:17 CV 2547, 2018 WL 2772501, *1 (N.D. Ohio June 11, 2018). Although Petitioner raised several instances of alleged ineffective assistance of appellate counsel, he did not allege that his appellate counsel was ineffective by failing to advise him of the proper post-conviction remedy or of the time limit for filing for post-conviction relief related to his ineffective assistance of trial counsel claims. That is, Petitioner raised two grounds of ineffective assistance of trial counsel but did not argue that those grounds were not procedurally defaulted because of ineffective assistance of appellate counsel. Instead, he raised this argument for the first time in his objections, and he has not presented a compelling reason for his delay. Accordingly, he has not shown excusing cause.

8

Along with his purported showing of cause, Petitioner lists several instances of prejudice he allegedly suffered because of his trial attorney's ineffective assistance, including the opportunity to suppress evidence seized in alleged violation of the Fourth Amendment. But because he has not shown excusing cause, the Court declines to analyze in detail his allegations of prejudice.

Petitioner also asserts his procedural defaults are excused under the fundamental miscarriage of justice exception. (Objs., PAGEID # 336.) But that exception requires a showing of factual innocence by new evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner has offered no new evidence of his factual innocence of the sort required by the fundamental miscarriage of justice exception. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's fifth objection is **OVERRULED**.

**Objection Six: The State Court of Appeals procedural default application based on not submitting a transcript is so egregious that it results in a denial of fundamental fairness and violates due process.**

Petitioner's sixth objection is **OVERRULED** for the same reasons as Petitioner's objections to the R&R's treatment of Ground Two.

**Objection Seven: The Magistrate Judge issued his Report and Recommendation with an incomplete state court record.**

The Court ordered Respondent to file "an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases . . . Before filing the

9

answer, the Respondent shall file those portions of the state court record needed to adjudicate this case." (ECF No. 3, PAGEID # 27–28.) Respondent included Petitioner's written no contest plea, but not a transcript of the plea colloquy hearing. (State Court Record, Ex. 14, PAGEID # 61.) The State Court Record was served on Petitioner, but until this point, he has never complained that the record was incomplete, nor does he suggest why a transcript of the plea colloquy or any other oral hearing is needed. Nor has Petitioner suggested what portion of the transcript would be relevant to his claims. He cites authority requiring review of a full transcript in sufficiency of the evidence cases, but no such claim is made here. Rather, this case was resolved on a no contest plea.

Petitioner's seventh objection is **OVERRULED**.

> **Objection Eight: The Magistrate Judge abused his discretion where it failed to hold an evidentiary hearing on the evidence outside the record.**

Petitioner objects that the Magistrate Judge abused his discretion in failing to hold an evidentiary hearing. But Petitioner never moved for an evidentiary hearing or tendered any evidence that he sought to have added to the record. The Supreme Court has severely limited the use of evidentiary hearings in habeas corpus cases, even when the parties request them. *See Cullen v. Pinholster,* 563 U.S. 170 (2011). Petitioner relies on Habeas Rule 8(a), but it has not yet been amended to reflect the *Pinholster* decision.

Petitioner notes that the Magistrate Judge found that the facts that Petitioner relies on for his ineffective assistance of trial counsel claims are outside the record.

10

That is so, but those facts cannot be added to the record in habeas. Rather, Petitioner's failure to include those facts in a post-conviction proceeding under Ohio Revised Code § 2953.21 was grounds for the Twelfth District to deny relief. Petitioner's opportunity to add those facts to the record disappeared when he failed to file for post-conviction relief within the time allowed by Ohio law.

Petitioner's eighth objection is **OVERRULED**.

## II.     CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 11) and **OVERRULES** Petitioner's Objections (ECF No. 14). The Clerk will enter judgment dismissing with prejudice the Petition. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

11